IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

TIFFANY PIERCE, )
)
       Plaintiff, )
)
vs. ) Case No.
)
BERMAN & RABIN, P.A., )
)
       Defendant, )

**DEFENDANT BERMAN & RABIN, P.A.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI:

Defendants remove this action to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1441 and 1446(a). This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

A. Introduction

1. Plaintiff is Tiffany Pierce ("Pierce").

2. Defendant is Berman & Rabin, P.A. ("B&R").

3. This case was initially filed on or about July 30, 2012, in the Circuit Court of Clay County, Missouri, as Case Number 12CY-CV08673.

4. Pierce filed an Amended Petition on or about August 9, 2012.

5. Pierce seeks damages for alleged violations of the Fair Debt Collection Practices Act (FDCPA). A copy of Plaintiffs' Amended Petition is attached as Exhibit A.

6. B&R was served with the lawsuit on or about August 4, 2012.

1

7. B&R files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## B. Basis for Removal

8. Removal is proper because Pierce's Complaint involves a federal question. 15 U.S.C. §§ 1692 et seq.; *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757-58 (6th Cir. 2000); *Peters v. Union Pac. R.R.*, 80 F.3d 257, 260 (8th Cir. 1996).

9. Pierce's Complaint contains a claim against Stellar arising under 15 U.S.C. §§ 1692, *et seq.*, for alleged violation of the FDCPA. This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

10. All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

11. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

12. B&R will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending and serve a copy of this Notice on counsel for Pierce.

## C. Jury Demand

13. Pierce did not demand a jury trial in her Amended Petition. B&R denies that Pierce has any claim herein, and therefore, denies that she is entitled to Trial by Jury.

## D. Conclusion

14. B&R hereby removes this action to the United States District Court for the Western District of Missouri.

This the 4th day of September, 2012.

Respectfully Submitted,

BERMAN & RABIN, P.A.

/s Benjamin N. Hutnick
Benjamin N. Hutnick, MO Bar #63668
Associate Attorney
Berman & Rabin, P.A.
15280 Metcalf
Overland Park, KS 66223
Main phone: 913-649-1555
Direct line: 913-982-0345
Fax: 913-652-9474
ATTORNEY FOR DEFENDANT

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, via U.S. mail, first class postage prepaid, this 4th day of September, 2012, to:

A.J. Stecklein
Consumer Legal Clinic, LLC
748 Ann Avenue
Kansas City, KS 66101
ajstecklein@gmail.com
ATTORNEY FOR PLAINTIFF

/s Benjamin N. Hutnick
Attorney for Defendant

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

Tiffany Pierce,

    Plaintiff,

vs.

Berman & Rabin P.A.

    Defendant.

Case Number: 12CY-CV08673

Division: 1

### AMENDED PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

### Parties

1. Plaintiff is a resident of Clay County, Missouri.

2. Defendant Berman & Rabin P.A. is a Kansas corporation.

3. At all times relevant hereto, Defendant Berman & Rabin P.A. was and is engaged in the business of consumer debt collection, all within Clay County, Missouri.

### Venue and Jurisdiction

4. The acts in which Plaintiff complains occurred in Clay County, Missouri.

5. Defendant is a Kansas corporation that does business in Missouri.



6. The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

7. Jurisdiction and venue are appropriate in this court.

**Factual Allegations**

8. On August 9, 2011, Defendant, as agent for FIA Card Services, N.A., assignee of Bank of America, sent Plaintiff a demand letter attached as Exhibit A and incorporated by reference.

9. The letter was an effort to collect an alleged consumer debt from Plaintiff.

10. Plaintiff disputed the debt.

11. The letter was sent on attorney letterhead, indicating that Defendant consisted of "Attorneys at Law."

12. In pertinent part, the letter stated as follows:

> The above referenced creditor has authorized us to settle your account to prevent further actions. Please call Mr Dayne Thrower @ (913) 982-0389 or toll free at 877-827-3014 to take advantage of this great savings. We are not obligated to renew this offer.

13. Because the letter was from a law office, Plaintiff called the number to investigate the claim and dispute the debt because she believed "further actions" meant the filing of a lawsuit against her.

14. On August 19, 2011, Plaintiff telephoned Defendant and spoke with an agent of Defendant named Michael Dupree.

15. All actions of Mr. Dupree as herein described were performed within the scope of his agency with Defendant.

2

16. The conversation with Mr. Dupree was brief and consisted of the transcript attached as Exhibit B.

17. After Mr. Dupree made the following statement, *"Ms. Pierce this is in reference to FIA Card Services. They placed your claim with our law firm with the intent to file a lawsuit if necessary for the amount of $6,544.48"*, the following conversation occurred:

**Ms. Pierce:** *Am I being sued then?*

**Mr. Dupree:** *Uh, not at this point. If no arrangements can be made, a lawsuit will be filed.*

**Ms. Pierce:** *Um, can I speak to the lawyer handling my case?*

**Mr. Dupree:** *There is not a lawyer assigned to it as of yet. Did you want to make some arraignments?*

**Ms. Pierce:** *Umm, no I don't.*

**Mr. Dupree:** *Ok, so is that a refusal?.................Hello?*

**Ms. Pierce:** *Yes*

**Mr. Dupree:** *Ok. And I do show the lawsuit has been filed. So you will be receiving a summons.*

**Ms. Pierce:** *Um, I dispute this debt.*

**Mr. Dupree:** *Ok.*

**Ms. Pierce:** *Thank you.*

**Mr. Dupree:** *Bye.*

18. As reflected in the Court Clerk's records of the Circuit Court of Clay County Missouri, Defendant had in fact filed a lawsuit against

Plaintiff on August 12, 2011 as case number 11CY-CV09665, some seven days before the phone conversation described above.

19. August 19, 2011, Defendant's spouse hand-delivered a written notice that Plaintiff disputed this debt to the office of Defendant. A copy is attached hereto as Exhibit C.

20. On September 8, 2011, Plaintiff's mother was served with summons in case number 11CY-CV09665 at Plaintiff's residence.

21. On September 12, 2011 and December 13, 2011, Defendant, via a computerized dialing system, caused a message to be left on an answering machine at Plaintiff's residence that stated as follows:

> *Hello, this message is for Tiffany Pierce. If you are not Tiffany Pierce, please hang up or disconnect. If you are Tiffany Pierce, please continue to listen to this message. There will now be a three second pause. By continuing to listen to this message you acknowledge you are Tiffany Pierce. You should not listen to this message so that other people can hear it as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This is the firm of Bermin and Rabin. This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose, please contact me about an important business matter at 877-827-3014 thank you.*

22. Plaintiff's mother, Madonna Boss, who also resided with Plaintiff on September 12, 2011 and December 13, 2011, heard both of the messages quoted above.

23. Case number 11CY-CV09665 was voluntarily dismissed by Defendant on behalf of FIA Card Services on December 1, 2011.

4

# COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Tiffany Pierce, and as for Count I against Defendant Berman & Rabin P.A., states and alleges as follows:

24. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

25. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

26. Plaintiff is a "consumer" as defined by 15 USC §1692a(3) of the FDCPA.

27. The principal purpose of Defendant Berman & Rabin P.A. is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

28. Defendant is a "debt collector" as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

29. The Defendant was attempting to collect a "consumer debt" as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a

5

consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

**The August 9, 2011 Letter – Falsely Implying Attorney Involvement**

30. In sending the letter attached as Exhibit A on August 9, 2011, the Defendant violated 15 U.S.C. §1692(e)(3) regarding the false representation or implication that any individual is an attorney or that any communication is from an attorney.

31. This violation occurred because, by implication, a letter on a lawyer's letterhead would imply greater participation than a letter on a collection agency's letterhead because of the stronger remedies available to attorneys (i.e. further actions, as referenced in Exhibit A).

32. "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to any attorney's improper threat of legal action than a debt collection agency committing the same practice. A debt collection letter on an attorney's letterhead conveys authority and credibility." *Taylor v. Perrin, Landry, deLaunay & Durland*, 103 F.3d 1232 (5th Cir. 1997).

33. Mr. Dupree exposed the Defendant's assertions and implications that an attorney was involved in threatening "further proceedings" if payment was not made (*see* Exhibit A) when Mr. Dupree

6

stated *"there is no lawyer assigned to it as of yet did you want to make some arrangements?"*

## The August 19, 2011 Telephone Conversation – Misrepresenting the status of the debt.

34. Furthermore, during the August 19, 2011 telephone conversation, Mr. Dupree violated 15 U.S.C. §1692(e)(2)(a) of the FDCPA by falsely representing the status of the debt.

35. If, in fact, an attorney had been involved with the debt in filing the suit prior to August 19, 2011, Mr. Dupree would have made a misrepresentation in stating the following: *"there is no lawyer assigned to it as of yet did you want to make some arrangements?"*

36. When specifically asked if Plaintiff was being sued, Mr. Dupree first indicated *"Uh, not at this point. If no arrangements can be made, a lawsuit will be filed."*

37. Immediately after Plaintiff indicated that she did not want to work out payment arrangements because she disputed the debt, Mr. Dupree stated *"Ok. And I do show the lawsuit has been filed. So you will be receiving a summons."*

38. Defendant and its agent Mr. Dupree, know that there is negotiating leverage with a debtor depending upon the status of a debt (i.e. before versus after suit has been filed) and that debtors will make payments on disputed debts merely to avoid a lawsuit against them.

7

39. That knowledge is clearly demonstrated in both the attempt to obtain payment, as reflected in Exhibit A, and in the transcript of the telephone conversation.

40. Mr. Dupree, as an agent of Defendant, clearly is untruthful about that status in an attempt to "*make some arrangements*".

### Failure to Properly Verify the Debt and Taking Improper Actions Thereafter

41. Furthermore, Defendant violated 15 U.S.C. §1692e by taking collection efforts after being notified in writing of a dispute without properly verifying the debt.

42. 15 U.S.C. §1692(e)(b) states that "if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt."

43. Plaintiff clearly disputed the debt and requested verification pursuant to Exhibit C.

44. Defendant failed to verify the debt in a timely fashion.

45. Defendant continued with collection efforts on September 8, 2011 by securing service on its lawsuit without proper verification.

### Improper Communication with Third Party

46. Furthermore, the telephone messages left on Plaintiff's answering machine on September 12, 2011 and December 13, 2011 violated 15 U.S.C. §1692c(b) of the FDCPA which prohibits a debt

8

collector from communicating, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

47. By telling Plaintiff's mother that Defendant was attempting to collect a debt from Plaintiff, Defendant violated 15 U.S.C. §1692c(b).

48. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,

By: _____
A.J. Stecklein #46663
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone: 913-371-0727
Facsimile: 913-371-0147
AJStecklein@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that on August 3, 2012, I sent a copy of the above and foregoing by U.S. Mail, postage prepaid, to:

Registered Agent:
Michael Berman
Berman & Rabin, P.A.
15280 Metcalf
Overland Park, Kansas 66223

_____
A.J. STECKLEIN

# BERMAN & RABIN, P.A.
Attorneys At Law
15280 Metcalf
Overland Park, KS 66223
P.O. Box 24327
Fax: (913) 649-2335

August 9, 2011

TIFFANY K PIERCE
11209 N BOOTH AVE
KANSAS CITY MO 64157-9207

Creditor: FIA CARD SERVICES, N.A. Assignee of Bank of America
Account Number:4800134014933734
Our Account Number:TB673804-61
Balance: $6,461.48

## SETTLEMENT OFFER

The above referenced creditor has authorized us to settle your account to prevent further actions. Please call Mr Dayne Thrower @ (913) 982-0389 or toll free at 877-827-3014 to take advantage of this great savings. We are not obligated to renew this offer.

Bank of America may be required by law to report this settlement to one or more taxing authorities. The Bank makes no representation about tax consequences this may have or any reporting requirements that may be imposed on the Bank. You should consult independent tax counsel of your own choosing if you desire advice about any tax consequences which may result from this settlement.

We accept checks by phone and post dated checks.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

BERMAN & RABIN, P.A.


PLAINTIFF'S EXHIBIT A

**Mr. Dupree:** Good afternoon, law office, Michael Dupree speaking.

**Ms. Pierce:** Hi, I am calling about a letter I received in the mail I just noticed and I was trying to figure out what it was about.

**Mr. Dupree:** What is the file number on the letter?

**Ms. Pierce:** Its TB673804-61.

**Mr. Dupree:** Your name?

**Ms. Pierce:** Tiffany Pierce.

**Mr. Dupree:** Ms. Pierce, can you verify the last four digits of your social.

**Ms. Pierce:** xxxx

**Mr. Dupree:** Ok, federal law requires that I inform you Berman & Rabin is a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose only. This call may be recorded and/or monitored for quality assurance purposes. Ms. Pierce this is in reference to F-I-A Card Services. They placed your claim with our law firm with the intent to file a lawsuit if necessary for the amount of $6,544.48.

**Ms. Pierce:** Am I being sued then?

**Mr. Dupree:** Uh, not at this point. If no arrangements can be made, a lawsuit will be filed.

**Ms. Pierce:** Um, can I speak to the lawyer handling my case?

**Mr. Dupree:** There is not a lawyer assigned to it as of yet. Did you want to make some arraignments?

**Ms. Pierce:** Umm, no I don't.

**Mr. Dupree:** Ok, so is that a refusal?.................Hello?

**Ms. Pierce:** Yes

**Mr. Dupree:** Ok. And I do show the lawsuit has been filed. So you will be receiving a summons.

**Ms. Pierce:** Um, I dispute this debt.



**Mr. Dupree:** Ok.

**Ms. Pierce:** Thank you.

**Mr. Dupree:** Bye.

# Initial Debt Collection Dispute Letter

August 19, 2011

Tiffany Pierce
11209 N booth avenue

BERMAN & RABIN, P.A.
15280 Metcalf Overland Park, KS 66223

Dear FIA CARD SERVICES, N.A.

I am writing in response to your letter and phone calls dated August 9, 2011 because I do not believe I owe what you say I owe.

This is the first I've heard from you, or any other company on this matter therefore, in accordanc with the Fair Debt Collection Practices Act, Section 809(b): Validating Debts:

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests tl name and address of the original creditor, the debt collector shall cease collection of the debt, c any disputed portion thereof, until the debt collector obtains verification of the debt or any copy a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

I respectfully request that you provide me with the following information:

- (1) the amount of the debt;
- (2) the name of the creditor to whom the debt is owed;
- (3) Provide a verification or copy of any judgment (if applicable);
- (4) Proof that you are licensed to collect debts in (MISSOURI)
- (5) Proof of Assignment

Be advised that I am fully aware of my rights under the Fair Debt Collection Practices Act and tl Fair Credit Reporting Act. For instance, I know that:

- because I have disputed this debt in writing within 30 days of receipt of your dunning notice, you must obtain verificatic of the debt or a copy of the judgment against me and mail these items to me at your expense;
- you cannot add interest or fees except those allowed by the original contract or state law.
- you do not have to respond to this dispute but if you don't, any attempt to collect this debt without validating it, violates FDCPA;

Also be advised that I am keeping very accurate records of all correspondence from you and yc company including recording phone calls and I will not hesitate to report violations of the law to State Attorney General, the Federal Trade Commission and the Better Business Bureau.



I have disputed this debt; therefore, until validated you know your information concerning this de is inaccurate. Thus, if you have already reported this debt to any credit-reporting agency (CRA) Credit Bureau (CB) then, you must immediately inform them of my dispute with this debt. Reporting information that you know to be inaccurate or failing to report information correctly violates the Fair Credit Reporting Act § 1681s-2. Should you pursue a judgment without validati this debt, I will inform the judge and request the case be dismissed based on your failure to comply with the FDCPA.

I am also electing Arbitration on this matter. I have researched and see there is an arbitration clause in the Bank Of America card member agreement. So I elect arbitration.

Finally, if you do not own this debt, I demand that you immediately send a copy of this dispute letter to the original creditor so they are also aware of my dispute with this debt.


_____
TIFFANY K PIERCE